UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELVIS PUDIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-01456-SEP |
| | ) |
| DEPARTMENT STORES NATIONAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Department Stores National Bank's (DSNB) Motion to Dismiss Plaintiff's First Amended Petition, Doc. [18], and Defendant Kohl's, Inc.'s Motion to Dismiss Plaintiff's First Amended Petition, Doc. [28]. For the reasons set forth below, the motions will be denied.

**I.    FACTS AND BACKGROUND**

Plaintiff Pudic brings this action against Defendants DSNB and Kohl's, Inc., for violating the Missouri Merchandising Practices Act (MMPA) for wrongfully refusing to accept payment on an account. Doc. [5]. According to the Amended Petition,[1] following financial difficulties, Plaintiff fell behind on multiple credit accounts, including credit card accounts issued by Defendants DSNB and Kohl's, Inc. Doc. [5] ¶¶ 8-12. While Plaintiff was able to resolve other unpaid accounts, *id.* ¶¶ 9, 22, Defendants rejected his payment, citing his bankruptcy, *id.* ¶¶ 13-14. But Plaintiff never filed for bankruptcy. *Id.* ¶ 15. Plaintiff deduced that Defendants "had unfairly combined or linked" his account to that of his mother, who had credit cards with Defendants and a nearly identical Social Security number, and who had filed for bankruptcy. *Id.* ¶¶ 16-19. Plaintiff contends that Defendants, "in connection with transactions with Plaintiff," violated the MMPA through

---

[1] The Court assumes Plaintiff's allegations to be true for the purpose of evaluating the motions to dismiss. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) (citing *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008)).

1

"misrepresentations and unfair practice." *Id.* ¶ 29.  He alleges that, as a result of Defendants' misconduct, his credit score suffered, he could not refinance his vehicle or obtain a reasonable mortgage interest rate, and his credit limit was reduced on other accounts.  *Id.* ¶ 23.

Plaintiff brought this MMPA action against Defendants in the Circuit Court of St. Louis County, and it was subsequently removed to this Court.  Doc. [1].  Defendant DSNB then moved to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted, Doc. [18], arguing that the Fair Credit Reporting Act (FCRA) preempts Plaintiff's MMPA claim or, alternatively, that Plaintiff insufficiently pleads causation, Doc. [18-1] at 5.  Defendant Kohl's, Inc., later moved to dismiss for the same reasons.[2]  Doc. [32] at 5.  Because Plaintiff's Petition does not distinguish between Defendants, and Defendants' arguments are practically identical, the Court considers the motions together.

## II.   LEGAL STANDARDS

Under Rule 12(b)(6), courts shall not dismiss any complaint that states a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint is plausible on its face when the pleaded facts allow the Court to reasonably infer that the defendant is liable.  *Iqbal*, 556 U.S. at 678.  The Court views all facts in the light most favorable to the nonmoving party.  *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2008).  Dismissal is appropriate for state claims that are preempted by federal laws.  *See, e.g.*, *Ray v. ESPN, Inc.*, 783 F.3d 1140, 1144-45 (8th Cir. 2015) (affirming dismissal of state claims preempted by the Copyright Act).

## III.   DISCUSSION

### A.  The FCRA does not preempt Plaintiff's MMPA claim.

The purpose of the FCRA, 15 U.S.C. § 1681, et seq., is to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007).  As a general matter, the FCRA purports to preempt only "inconsistent" state law, "and then only to the extent of the inconsistency."

---

[2] Because Kohl's, Inc's Motion to Dismiss fails on the merits, the Court does not address Plaintiff's argument that the Motion should be denied for failure to comply with local rules in that it incorporates by reference previously filed materials.  *See* Doc. [30] at 3.

2

15 U.S.C. § 1681t(a); *see Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 842-43 (8th Cir. 2004). But the FCRA also explicitly preempts state law in certain areas: "No requirement or prohibition may be imposed under the laws of any State with respect to ***any subject matter regulated under section 1681s-2 of this title, relating to responsibilities of persons who furnish information to consumer reporting agencies***." 15 U.S.C. § 1681t(b)(1)(F) (cleaned up) (emphases added). Section 1681s-2 assigns furnishers of information to consumer reporting agencies two duties: to provide accurate information and to address consumer disputes regarding the completeness or accuracy of information in a particular way. 15 U.S.C. § 1681s-2(a), (b). *See Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003).

"[W]hen the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily 'accept the reading that disfavors pre-emption.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008) (quoting *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005)).[3] Defendants bear the burden of proving preemption. *See, e.g.*, *Dalton v. Countrywide Home Loans, Inc.*, 828 F. Supp. 2d 1242, 1253 (D. Colo. 2011) (citing *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1143 (10th Cir. 2010)); *accord Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984) ("Congress assumed that traditional principles of state tort law would apply with full force unless they were expressly supplanted. Thus, it is [the defendant's] burden to show that Congress intended to preclude such awards."). The Court construes all facts in Plaintiff's favor and will dismiss "only if the facts alleged in the complaint do not plausibly give rise to a claim that is not preempted." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015).

Courts have adopted various approaches to preemption under § 1681t(b), *see Brown v. Mortensen*, 253 P.3d 522, 528 (Cal. 2011) (collecting cases), and the Eighth Circuit

---

[3] The Eighth Circuit has observed that the "vitality of this presumption against preemption . . . has been a subject of debate within the Supreme Court," *Bell v. Blue Cross & Blue Shield of Okla.*, 823 F.3d 1198, 1201 (8th Cir. 2016) (citing *Altria Grp.*, 555 U.S. at 99 (Thomas, J., dissenting)), but it has not repudiated the presumption. *See also CTS Corp. v. Waldburger,* 573 U.S. 1, 19 (2014) (plurality opinion applying presumption, concurrence applying ordinary statutory construction principles without the presumption).

3

has not endorsed one.4  On the "most narrow[]" interpretation, § 1681t(b)(1)(F) preempts only state laws concerning either the prohibition on furnishing inaccurate information or the duty to investigate and correct inaccurate reporting upon notification of a dispute.  *Id.* at 528.  More broadly interpreted, the FCRA might preempt any additional duties imposed on furnishers.  *Id.*; *see, e.g.*, *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("On its face, the FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information.").

Plaintiff urges the Court to interpret narrowly, arguing that his claims are not preempted because he does not contest the accuracy of Defendants' reporting.  Doc. [24] at 5-6.  Whether the FCRA preempts an MMPA claim arising from *accurate* reporting is an issue of first impression in this district.5  In *Galper*, the Second Circuit concluded that state claims based on injuries caused by accurate credit reporting were not preempted by the FCRA.  802 F.3d at 446.  The plaintiff in *Galper* claimed that identity theft perpetrated by the defendant's employees had led to bounced checks, closed accounts, and prosecution, which caused adverse reports to consumer reporting agencies, which in turn caused financial institutions to close her accounts and prevent her from opening new accounts.  *Id.* at 441, 443.  The Second Circuit concluded that the FCRA did not preempt the plaintiff's state claims because those claims did not concern a furnisher's "legal responsibilities as a furnisher of information under the FCRA."  *Id.* at 446.  *See also Stafford*, 262 F. Supp. 2d at

---

4 The Eighth Circuit has expressly declined to address the "scope and interplay of the FCRA's preemption provisions, 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F)."  *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006).

5 Eastern District of Missouri cases have dealt exclusively with inaccurate reporting.  *See Young v. CitiFinancial Serv. LLC*, 2017 WL 2334982, at *3 (E.D. Mo. May 30, 2017); *Young v. Ditech Fin., LLC*, 2016 WL 4944102, at *2 (E.D. Mo. Sept. 16, 2016); *Drew v. Cap. One Bank, N.A.*, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016); *Tyson v. Nationstar Mortg., LLC*, 2016 WL 3348400, at *7 (E.D. Mo. June 16, 2016); *Young v. LVNV Funding, LLC*, 2012 WL 5508407, at *2 (E.D. Mo. Nov. 14, 2012); *Cathcart v. Am. Express*, 2012 WL 5258820, at *4 (E.D. Mo. Oct. 23, 2012).

Cases in the Western District of Missouri have concluded that the FCRA does not preempt state claims against furnishers when the claims do not concern inaccurate reporting or responses to consumer disputes.  *See Carter v. Bank of Am., N.A.*, 2017 WL 6373986, at *2 (W.D. Mo. Dec. 13, 2017) (FCRA did not preempt state claims related to furnishers' inaccurate representations to IRS or communications related to debt enforcement); *El Bey v. Receivables Perf. Mgmt., LLC*, 2015 WL 196327, at *3 (W.D. Mo. Jan. 15, 2015) (MMPA claim concerning improper request of credit report, as opposed to improper furnishing of report, was not preempted).

786 (canons of statutory construction also support a narrow interpretation of § 1681t(b)(1)(F)'s preemptive effect).

In this case, Plaintiff alleges that Defendants improperly rejected his payments, not that they reported inaccurate information. *See* Doc. [5] ¶¶ 13, 20-21. Section 1681s-2 is silent on furnishers' duties to accept payment and, therefore, does not preempt state claims pertaining to acceptance of payment. *Cf. Galper*, 802 F.3d at 446 (FCRA imposes no responsibility on furnishers to prevent employees from committing identity theft). Thus, like the identity theft claim in *Galper*, Plaintiff's state claim does allege injuries caused by credit reporting but is nonetheless not preempted by FCRA.

DSNB argues in response that an "implicit claim of injury to [a plaintiff's] credit score relating to loan payments" can be brought under the FCRA. Doc. [27] at 3. But the authority DSNB cites for that claim, *Eaton v. Citibank*, 2010 WL 4272920 (M.D. Pa. Oct. 25, 2010), actually supports Plaintiff's position. In *Eaton*, the court entered summary judgment for the defendant on the grounds that the plaintiff "could not prevail" on a claim under 15 U.S.C. § 1681s-2 because the report at issue was "accurate." *Id.* at *6. *Eaton* thus supports Plaintiff's claim that he could not bring a FCRA claim because he does not dispute the accuracy of Defendant's credit reporting. Doc. [24] at 6. Defendants' other authorities provide no further support.[6]

In the context of a background presumption against preemption, the dearth of authority dooms Defendants' argument. It is Defendants' burden to justify preemption, *Silkwood*, 464 U.S. at 255, and they have failed to meet it. The Court reads 15 U.S.C. § 1681t(b)(1)(F) to preempt state actions relating only to the two duties imposed on furnishers by § 1681s-2. Accepting Plaintiff's allegations as true, Plaintiff's claims concern conduct that is not regulated by § 1681s-2; thus, the FCRA does not preempt Plaintiff's MMPA claim.

---

[6] *See Schilling v. JPMorgan Chase & Co.*, 2017 WL 1479369, at *9-10 (W.D. Wash. Apr. 25, 2017) (plaintiffs' state claims were not preempted by the FCRA because plaintiffs' injuries, including diminution in home value and injury to credit worthiness, were not tied exclusively to an erroneous credit report but rather to the defendant's "failure to account for the payment"); *Baldin v. Wells Fargo Bank, N.A.*, 2013 WL 794086, at *11 (D. Or. Feb. 12, 2013) (plaintiff lacked standing because violations of § 1681s-2(a) can be pursued by only federal or state officials, not a private party).

5

### B. Plaintiff sufficiently pleads causation.

The fundamental purpose of the MMPA, Mo. Rev. Stat. § 407.010, et seq., is to protect consumers, *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 433 (Mo. banc 2013). The legislature drafted the MMPA as a broad and paternalistic statute. *Huch v. Charter Commc'ns*, 290 S.W.3d 721, 725-26 (Mo. banc 2009). To prevail on his MMPA claim, Plaintiff must show: (1) the purchase of merchandise; (2) primarily for personal, family, or household purposes; (3) an ascertainable loss; and (4) that loss being the result of an act or practice made unlawful by the MMPA. *See* Mo. Rev. Stat. § 407.025.1; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007). The dispute here turns on the fourth element—i.e., causation.

DSNB argues that Plaintiff fails to adequately allege causation because he "leaves out critical details," such as the numerical impact of DSNB's conduct on his credit score, what credit score would have been required to avoid injury, other activities reported to credit reporting agencies, and the reasons for his credit denials. Doc. [18-1] at 4. Both Defendants argue that Plaintiff failed to plead any facts showing that DSNB or Kohl's, Inc., and not other creditors, harmed his credit score. Docs. [27] at 4; [32] at 4. DSNB also asserts that Plaintiff failed to plead that his score would have improved enough to avoid the alleged harm without DSNB's conduct. Doc. [18-1] at 4. Plaintiff responds that he pleaded his credit score was adversely affected by Defendant's unfair practices which led to further injuries, and this is sufficient to survive the Motion to Dismiss. Doc. [24] at 8.

The Court evaluates Plaintiff's pleadings under Rule 8(a)(2). *See Muhammad v. Pub. Storage Co.*, 2014 WL 3687328 at *3-4 (W.D. Mo. July 24, 2014) (applying Rule 8(a)(2) to an MMPA unfair practice claim). A sufficient pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide a defendant fair notice of the claim and its grounds, *Twombly*, 550 U.S. at 555, and state a plausible claim for relief, *Iqbal*, 556 U.S. at 679.

Courts should dismiss complaints that include no facts suggesting a causal nexus between misconduct and damages beyond mere conclusory statements. *See Zutz v. Nelson*, 601 F.3d 842, 851-52 (8th Cir. 2010). But a plaintiff sufficiently pleads causation if the court can reasonably infer that the alleged conduct would lead to the pleaded damages. *See Eike v. Allergan, Inc.*, 2014 WL 1040728, at *3 (S.D. Ill. Mar. 18, 2014) (denying the

6

defendants' motion to dismiss an MMPA claim for failure to plead causation because the court could reasonably infer that patients would buy fewer eye drops if defendants did not unfairly sell a dropper that produced overly large drops).

Here, Plaintiff sufficiently identifies the conduct underlying his Petition: Defendants unfairly linked his account to his mother's and refused to accept payments to keep his account current. Doc. [5] ¶¶ 13-14, 19, 21. Plaintiff pleads that those unfair practices caused other creditors to reduce his credit limits and prevented him from refinancing his vehicle or obtaining a mortgage at a reasonable interest rate. Doc. [5] ¶¶ 21-23. The Court must reasonably infer that Defendants' refusal to accept Plaintiff's payments led to continued reporting of debts, which lowered his credit score and limited his credit opportunities elsewhere. Finally, to survive a 12(b)(6) motion, Plaintiff is not required to foreclose other possibilities, such as the impact of other credit cards. Defendants' proffered standard that "the plaintiff must show how the defendant's conduct specifically caused the harm," Doc. [18-1] at 4, applies to a motion for summary judgment, not on review of the pleadings, *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 923 (8th Cir. 2008). Assuming all of Plaintiff's allegations are true and drawing all reasonable inferences in his favor, he states a plausible claim for relief.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DSNB's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. [18]) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Kohl's, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. [28]) is **DENIED**.

Dated this 11th day of August, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE